# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CHANG,<br><br>                      Plaintiff,<br>vs.<br><br>VINCENT J. IARIA, Chief Probation Officer, San Diego County,<br><br>                      Defendant. | CASE NO. 06-CV-2514 H<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING MOTION TO DISMISS |

**Procedural History**

Peter Chang (Petitioner) filed a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 on November 16, 2006 challenging his conviction in San Diego Superior Court. A jury found Petitioner guilty on April 28, 2003 for one count of felony sexual penetration accomplished by fraud under California Penal Code §289(d) and one count of misdemeanor sexual battery under Penal Code §243.4(d)(1). (Lodgment 1, at Exhibit B, at 1-2.) The Superior Court sentenced Petitioner to five years of probation, which included 120 days in the San Diego County jail, and required Petitioner register as a sex offender. The court suspended imposition of sentence for three years and granted summary probation on count two. (Lodgment 1, at Exhibit C, at 1-3; Lodgment 13, at 2.)

Petitioner appealed to the California Court of Appeal. He argued that the evidence at trial was insufficient to sustain the conviction of sexual penetration by fraud

because there was evidence of fraud only in the inducement, the trial court erred in declining to give Petitioner's proposed jury instruction defining fraud in the inducement, the court denied Petitioner's constitutional right to confrontation and to present a defense when it excluded evidence that the victim was taking anti-depressants, and the prosecution committed misconduct during the closing argument. (Lodgment 1, at Exhibit D, at 1.) The Court of Appeal affirmed the judgment on September 15, 2004. (Id., at 1-5.)

Petitioner filed an appeal in the California Supreme Court on October 22, 2004. (Lodgment 1, at Exhibit E, at 1.) The court denied review on December 1, 2004. (Id.) Petitioner did not file a writ of certiorari with the United States Supreme Court. (Petition, at 3.)

Chang filed a habeas petition with the California Court of Appeal on February 27, 2006. (Lodgment 2.) He alleged ineffective assistance of appellate counsel due to counsel's failure to raise issues on appeal. (Id., at 1-2.) The court dismissed the petition without prejudice to refiling in Superior Court, noting that "both trial and appellate courts have jurisdiction over habeas corpus petitions, but a reviewing court has discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court." (Lodgment 4.) In re Steele, 32 Cal.4th 682, 692 (2004).

Petitioner submitted a habeas petition to the San Diego County Superior Court on March 29, 2006 raising the same claim of ineffective assistance of appellate counsel. (Lodgment 5.) The Superior Court denied the petition on May 16, 2006 because it was untimely. (Lodgment 6, at 2-3.) The court also denied the petition on the merits. (Id., at 3-6.)

Petitioner brought a motion with the Superior Court on June 23, 2006 to modify his probation under Penal Code §1203.3. (Lodgment 7, at 3.) Petitioner claimed the trial court improperly imposed a Fourth Amendment waiver as a condition of probation. (Id.) The court granted the motion on July 21, 2006. (Id.) Chang petitioned the California Court of Appeal on July 28, 2006 claiming ineffective assistance of appellate counsel.

1 (Lodgment 7.) On September 28, 2006, the Court of Appeal denied the Petition on the
2 merits. (Lodgment 9.)

3 Chang petitioned the California Supreme Court on October 10, 2006, raising the
4 same claims he presented in his petition to the Court of Appeal. (Lodgment 10.) The
5 California Supreme Court denied the petition on November 15, 2006. (Lodgment 12.)

6 Chang filed this Petition on November 16, 2006 asserting ineffective assistance
7 of appellate counsel. (Petition, at 5-8.) On February 26, 2007, Respondent filed a
8 motion to dismiss on the basis that 28 U.S.C. §2244(d) time-bars the Petition.
9 (Document 7-2, at 3.) Chang filed an opposition to the motion on March 26, 2007.
10 (Document 9.) The Magistrate Judge filed a Report and Recommendation on May 30,
11 2007 to grant the motion to dismiss. (Document 13.) Petitioner filed an objection to the
12 Report and Recommendation on June 29, 2007. (Document 14.) This Court adopts the
13 Report and Recommendation and grants Respondent's motion to dismiss with
14 prejudice.

**Statute of Limitations Under AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA or Act) requires a state prisoner whose conviction has become final to seek federal habeas corpus relief within one year. 28 U.S.C. § 2244(d)(1)(A).

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…" 28 U.S.C. §2244(d)(1)(A). The period for direct review includes the 90-day period within which Petitioner could have filed a petition for writ of certiorari in the United States Supreme Court. Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). In addition, "the day of the act, event, or default from which the designated period of time begins to run shall not be included" although the last day of the period is included. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-

year limitations period according to Fed. R. Civ. P.6(a)). The statute of limitations begins to run the day after a conviction in state court becomes final and ends on the last day of the limitations period.

Petitioner did not file a writ of certiorari in the United States Supreme Court. Therefore, his conviction became final on March 1, 2005, ninety days after the California Supreme Court denied his petition. Bowen, 188 F.3d at 1158-1159. The statute of limitations began to run on March 2, 2005. Patterson, 251 F.3d at 1246. The last day Petitioner could file a timely petition for habeas corpus in this Court was March 1, 2006 absent tolling for state collateral review.

**Tolling**

The Act tolls the 1-year limitations period under §2244(d)(1) for the "time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). The time that an application for state post-conviction review is "pending" includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law. Carey v. Saffold, 536 U.S. 214 (2002). "[T]he statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). However, "petitioner is not entitled to tolling during the gap between the completion of one full round of state collateral review and the commencement of another." Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003.)

The Act tolls post-conviction review in state court only if petitioner files properly. 28 U.S.C. §2244(d)(2). The United States Supreme Court deems a petition "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Applicable rules include the "court and office in which it must be lodged..." Id. Time limits on post-conviction petitions are conditions to filing. Id., at 8,11. An untimely

petition is not properly filed. "[T]ime limits, no matter their form, are 'filing' conditions. [If the state court] rejected petitioner's…petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

The California Constitution provides that the "Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings." Cal. Constitution Art. VI, §10. "[B]oth trial and appellate courts have jurisdiction over habeas corpus petitions, but a reviewing court has discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court." In re Steele, 32 Cal.4th at 692. The Court of Appeal "has discretion to refuse to issue...[a writ of habeas corpus] as an exercise of original jurisdiction on the ground that application has not been made…in a lower court" in the first place where there "is no showing in the petition that any extraordinary reason exists for action by...[the Court of Appeal], rather than by the Superior Court…" In re Hillery, 202 Cal.App.2d 293, 294 (1962).

Petitioner filed his first state habeas petition in the California Court of Appeal on February 27, 2006 with two days left before his one-year statute of limitations under 28 U.S.C. §2244(d)(1) expired. (Lodgment 3.) The Court of Appeal denied that petition on March 23, 2006 without prejudice to filing in the Superior Court. (Lodgment 4.) The court quoted In re Steele, 32 Cal.4th at 692 holding that both trial and appellate courts have jurisdiction over habeas corpus petitions, but a reviewing court has discretion to deny without prejudice a habeas corpus petition not filed first in a proper lower court.

Petitioner's habeas claim to the Court of Appeal was ineffective assistance of appellate counsel. He believed this was an extraordinary reason for action by the appellate court as opposed to the Superior Court, and thus filed his first state habeas petition with the Court of Appeal. (Document 9, at 9.) The Court of Appeal denied the petition without prejudice with directions that petitioner file it in Superior Court first. (Lodgment 3.) The court's ruling did not indicate the petition was improperly filed in

the Court of Appeal. It had jurisdiction to hear the petition before it went to the Superior Court, so the petition was proper before the appellate court. Cal. Constitution Art. VI, §10; In re Steele, 32 Cal.4th at 692. Therefore, Petitioner's first state habeas petition was "properly filed" under §2244(d)(2) because "its delivery and acceptance [were] in compliance with the applicable laws and rules governing filings." Artuz, 531 U.S. at 8. The petition before the Court of Appeal tolled the statute of limitations from February 27, 2006 to March 23, 2006, extending the expiration of the limitations period to March 25, 2006.

**Procedural Default**

The doctrine of procedural default bars federal habeas when a state court declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement. Hanson v. Mahoney, 433 F.3d 1107, 1113 (9th Cir. 2006). Not all state procedural bars are adequate to foreclose federal review. For the procedural default doctrine to apply, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default. Id.; Calderon v. United States District Court, 96 F.3d 1126, 1129 (9th Cir.1996).

California has a unique system governing timeliness of habeas petitions. Under that system, the petition is timely if filed within a "reasonable time" after petitioner or counsel discovered the facts and legal basis underlying the claim. In re Harris, 5 Cal.4th 813, 828, n. 7 (1993); Saffold, 536 U.S. at 221. In most States a statute sets out the number of days for timely filing. Id., at 219. California requires a petitioner who "belatedly presents a collateral attack [to] explain the delay in raising the question." In re Swain, 34 Cal.2d 300, 302 (1949). The California Supreme Court reaffirmed this approach in In re Clark, 5 Cal.4th 750, 797 (1993): "Although we conclude here that it should not be inflexible, the general rule is still that, absent justification for the failure to present all known claims in a…timely petition for writ of habeas corpus,…untimely petitions will be summarily denied. The only exception to this rule are petitions which allege facts which, if proven, would establish that a fundamental miscarriage of justice

occurred as a result of the proceedings leading to conviction and/or sentence." Id.

Here, Petitioner filed his first state habeas petition more than eleven months past the final date on which he could have petitioned the United States Supreme Court for certiorari on direct review. (Lodgment 2.) The San Diego Superior Court determined that Petitioner "failed [to] set forth any explanation" for the delay and found his petition untimely. (Lodgment 6, at 3.) Therefore, the petition filed with the Superior Court does not qualify for tolling under 28 U.S.C. §2244(d)(2) because Petitioner did not properly file it. Pace, 544 U.S. at 414-415. Chang's subsequent petitions before the California Court of Appeal and California Supreme Court are irrelevant because his one-year statute of limitations under 28 U.S.C. §2244(d)(1) expired on March 25, 2006, well before he filed either of them. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). His current Petition is therefore time-barred.

Petitioner argues in his objection to the Report and Recommendation that California's timeliness rule is not clear and consistent. (Document 14, at 6.) He suggests the Superior Court found the petition untimely, but that the California Court of Appeal and California Supreme Court did not apply the timeliness bar when denying the same claims. (Id., at 6-7.) Therefore, Petitioner argues the rule cannot bar federal habeas because the California courts applied it inconsistently and arbitrarily.

Petitioner should have made this argument explicit in his response to the motion to dismiss instead of waiting to offer it in his objection to the Report and Recommendation. Even so, his claim fails. In Evans v. Chavis, 126 S.Ct 846, 854 (2006) the United States Supreme Court "found no authority suggesting, nor…any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'" Petitioner asks this Court, on the basis of procedural inadequacy of California's timeliness bar, to toll his petition to the Superior Court submitted after an unjustified eleven month delay, even though the United States Supreme Court in Evans, 126 S.Ct at 854 refused to toll a petition submitted to the California Supreme Court after a substantially shorter unjustified delay

of only six months. Petitioner has failed to provide this Court with authority showing why a different result than that in <u>Evans</u> should happen here.

**Equitable Tolling**

To receive equitable tolling, a prisoner must demonstrate "1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace</u>, 544 U.S. at 418. Petitioner bears the burden of showing that equitable tolling is appropriate. <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005). Petitioner does not explicitly seek equitable tolling and he does not present a basis for equitable tolling.

**Conclusion**

For the above stated reasons, this Court adopts the Magistrate Judge's Report and Recommendation and grants Respondent's motion to dismiss the Petition with prejudice as untimely under 28 U.S.C. §2244(d).

IT IS SO ORDERED

DATED: July 24, 2007

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Copies To:

\*\*Magistrate Judge Louisa S. Porter

John Lanahan
Attorney for Petitioner
550 West C Street, Suite 1670
San Diego, CA 92101-8857

Lise S. Jacobson
Deputy Attorney General
State of California
110 West A Street, Suite 1100
San Diego, CA 92101